FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KC LEE MICHAEL LEON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WALLA WALLA, WALLA WALLA POLICE DEPARTMENT, KEVIN TOON,<br><br>Defendants. | No. 4:24-cv-05136-MKD<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT<br><br>**ECF Nos. 26, 28, 29, 68, 69** |

Before the Court are Defendant Kevin Toon's Motion for Summary Judgment, ECF No. 28, and Defendants City of Walla Walla and Walla Walla Police Department's (collectively, "the City") Motion for Summary Judgment, ECF No. 29. The Court has reviewed the record, heard from counsel, and is fully informed. For the reasons stated on the record and as explained more fully below, the Court grants both motions.

## BACKGROUND

The following facts are undisputed unless otherwise noted. At

ORDER - 1

approximately 10:49 p.m. on August 21, 2021, Walla Walla Police Dispatch received a call reporting that an intoxicated man was attempting to leave the Fraternal Order of Eagles ("Eagles") in a blue Ford F-150 truck. ECF No. 56 at 2. The caller reported that the man had struck a mutual friend when people at the Eagles attempted to take his keys. *Id.* Dispatch informed Walla Walla Police Officer Kevin Toon that an intoxicated man was attempting to leave the Eagles in a pickup truck and had possibly assaulted someone. *Id.* at 2-3. Officer Toon arrived in a marked patrol vehicle and was wearing his police uniform. *Id.* at 3. He observed Plaintiff near the truck, apparently intoxicated and having difficulty maintaining his balance. *Id.* Plaintiff was sliding along the body of the truck and appeared to be using it to hold himself up. *Id.*

Officer Toon exited his patrol vehicle and took several steps toward Plaintiff. *Id.* He then saw what appeared to be a handgun in Plaintiff's right hand. *Id.* Officer Toon retreated to his patrol vehicle and repeatedly commanded Plaintiff to drop the apparent handgun, but Plaintiff did not do so. *Id.* Eyewitness Jeffrey Hayes heard Officer Toon repeatedly direct Plaintiff to show his hands and drop the weapon. *Id.* Hayes initially observed Plaintiff leaning against the truck with his right arm extended down at his side and the handgun in his right hand. ECF No. 30 at ¶¶ 12, 14. The parties agree that Plaintiff then began raising his right arm while continuing to hold the apparent handgun. ECF No. 56 at 3. More

ORDER - 2

specifically, Hayes observed Plaintiff begin turning to his left as if to face Officer Toon, by rolling to his left with his back against the truck and bringing his right arm around from his side. ECF No. 30 at ¶ 15. Hayes began to duck and immediately heard several shots in rapid succession. *Id.* at ¶ 16. Another eyewitness, Jeffrey Schwarz, also saw Plaintiff holding a handgun and heard Officer Toon repeatedly command Plaintiff to drop it before the shooting. ECF No. 56 at 4.

The parties dispute whether Plaintiff pointed the apparent handgun at Officer Toon. Officer Toon testified that Plaintiff assumed a bladed stance, brought his left hand to the handgun, and pointed it at him. ECF No. 43 at 16. Plaintiff denies pointing the handgun at Officer Toon and denies hearing Officer Toon's commands. ECF No. 44 at 2-3. Officer Toon estimated that the sequence encompassing his retreat to the patrol vehicle, his commands, and the shooting lasted less than 20 seconds, although he did not believe it lasted less than five seconds. ECF No. 43 at 16.

Officer Toon fired seven rounds in one rapid succession. ECF No. 56 at 4; ECF No. 52-1 at 3. One round struck the left posterior side of Plaintiff's torso and caused paralysis. ECF No. 56 at 4; ECF No. 52-1 at 5. The other six rounds struck the truck or fixed objects beyond it. ECF No. 52-1 at 9. The record does not establish when during the sequence the round that struck Plaintiff was fired. *See*

ORDER - 3

*id.* at 4.  Plaintiff claims that, while the shots were being fired, he moved around the truck, crawled beneath it, and attempted to enter it.  ECF No. 56 at 5.  After the shooting, the apparent handgun was found on the ground near the driver's side of the truck.  *Id.*  Although the handgun appeared real, it was a Walther PPQ CO2 replica pistol that lacked an orange tip or other marking identifying it as a replica.  *Id.*

### LEGAL STANDARD

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnes v. Chase Home Fin., LLC*, 934 F.3d 901, 906 (9th Cir. 2019) (citation omitted).  "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor."  *Fresno Motors, LLC v. Mercedes Benz-USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the portions of the record and the evidence that demonstrate the absence of a genuine dispute of material fact.  *Celotex*, 477 U.S. at 323.  After the moving party has satisfied its burden, to survive summary

ORDER - 4

judgment, the non-moving party must demonstrate with evidence on the record, "specific facts" showing that there is a genuine dispute of material fact for trial. *Id.* at 324. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

The Court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inference in the nonmoving party's favor." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018) (citation omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255.

## DISCUSSION

Plaintiff brings claims under 42 U.S.C. § 1983 for alleged violations of his Fourth and Fourteenth Amendment rights arising from Officer Toon's use of deadly force. ECF No. 1-3 at 9. Plaintiff also asserts state law claims for negligence and gross negligence; negligent hiring, retention, training, and supervision; intentional and negligent infliction of emotional distress; assault and battery; excessive use of force; and outrage. *Id.* at 9-10. Plaintiff further alleges that the City of Walla Walla and the Walla Walla Police Department are vicariously liable for Officer Toon's conduct under respondeat superior. *Id.* at 10. Plaintiff's separately labeled excessive use of force claim arises from the same

ORDER - 5

shooting and is addressed with his Fourth Amendment and assault and battery claims below.

Officer Toon moves for summary judgment on Plaintiff's Fourth and Fourteenth Amendment claims, contending that his use of deadly force was objectively reasonable and, alternatively, that he is entitled to qualified immunity because he did not violate clearly established law.  ECF Nos. 28, 35.  The City moves for summary judgment on Plaintiff's municipal liability and all but one of Plaintiff's state law claims.  ECF No. 29.

**A. Qualified Immunity**

Defendant Officer Toon asserts that he is entitled to qualified immunity from Plaintiff's Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983. Qualified immunity shields government officials from civil liability unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'"  *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).  The Court may address either prong first.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

On this summary judgment motion, the Court resolves genuine factual disputes and draws reasonable inferences in Plaintiff's favor.  *Torres v. City of Los Angeles*, 548 F.3d 1197, 1210 (9th Cir. 2008).  A factual dispute precludes

ORDER - 6

qualified immunity, however, only if the disputed fact is material to whether the assumed conduct violated clearly established law. *See Est. of Anderson v. Marsh*, 985 F.3d 726, 731-32 (9th Cir. 2021).

The parties' Joint Statement of Uncontroverted Facts resolves the facts material to Officer Toon's motion. Officer Toon asks the Court to disregard portions of Plaintiff's account under *Scott v. Harris*, 550 U.S. 372, 380 (2007), as blatantly contradicted by the record. The Court need not decide whether that standard is satisfied. For purposes of this motion, the Court assumes that Plaintiff did not point the apparent handgun at Officer Toon and that the round that struck Plaintiff entered his back. The Court also does not rely on evidence concerning Plaintiff's earlier encounters with law enforcement, his alleged purpose in initiating the dispatch call, or the remarks witnesses heard Plaintiff make at the scene. The remaining uncontroverted facts are sufficient to resolve Officer Toon's qualified immunity defense.

### 1. Fourth Amendment Excessive Force

#### a. Constitutional Violation

Plaintiff contends Officer Toon violated the Fourth Amendment by using unreasonable deadly force. ECF No. 42 at 3. Officer Toon contends his use of force was objectively reasonable because Plaintiff held what appeared to be a handgun, disregarded repeated commands to drop it, and began raising his armed

ORDER - 7

hand.  ECF No. 35 at 11.

A claim that an officer used excessive force during a seizure is analyzed under the Fourth Amendment's objective reasonableness standard.  *Graham v. Connor*, 490 U.S. 386, 395-97 (1989).  The Court balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  *Id.* at 396 (quotation marks omitted).  The governmental interests are evaluated by considering the severity of the crime at issue, whether the individual posed an immediate threat to the officer or others, and whether the individual was actively resisting arrest or attempting to evade arrest by flight.  *Id.*  These factors are not exclusive, and the Court must consider the totality of the circumstances.  *Est. of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1005-06 (9th Cir. 2017).  The totality of the circumstances inquiry includes relevant events before the use of force.  *Barnes v. Felix*, 605 U.S. 73, 80-81 (2025).  Reasonableness is judged from the perspective of a reasonable officer at the scene, allowing for tense, uncertain, and rapidly evolving circumstances.  *Graham*, 490 U.S. at 396-97.

The nature and quality of the intrusion here were severe.  Officer Toon used deadly force, and the single round that struck Plaintiff caused paralysis.  ECF No. 56 at 4.  Deadly force implicates the highest level of Fourth Amendment interests.  *Vos v. City of Newport Beach*, 892 F.3d 1024, 1031 (9th Cir. 2018).  This

ORDER - 8

consideration weighs heavily in Plaintiff's favor.

The severity of the suspected offenses provides some support for Officer Toon's use of force.  Dispatch informed Officer Toon that an intoxicated man was attempting to leave the Eagles in a pickup truck and had possibly assaulted someone when others attempted to take his keys.  ECF No. 56 at 2-3.  A possible assault and the prospect that an intoxicated person might operate a vehicle presented legitimate public safety concerns.  Officer Toon, however, did not witness either an assault or an attempt to drive, and the record does not establish that he knew the nature or severity of the reported assault.  This factor therefore favors Officer Toon modestly and, standing alone, could not justify deadly force.

The most important factor is whether Plaintiff posed an immediate threat to Officer Toon or others.  *Est. of Strickland v. Nevada Cnty.*, 69 F.4th 614, 620 (9th Cir. 2023).  The threat must be supported by objective facts, rather than an officer's unsupported fear.  *Id.*  Here, the uncontroverted facts establish that Officer Toon approached Plaintiff and observed a handgun in Plaintiff's right hand.  ECF No. 56 at 3.  Officer Toon retreated to his patrol vehicle and repeatedly commanded Plaintiff to show his hands and drop the weapon.  *Id.*  Plaintiff did not heed those commands.  Instead, while continuing to hold the apparent handgun, Plaintiff began raising his right arm.  *Id.*

The Court assumes Plaintiff did not complete that movement by pointing the

ORDER - 9

handgun at Officer Toon. But an officer need not invariably wait until an armed individual points a weapon before responding to an immediate threat. *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013). When a person is armed or reasonably believed to be armed, "a furtive movement, harrowing gesture, or serious verbal threat might create an immediate threat." *Id.* The relevant conduct here included Plaintiff's continued possession of what appeared to be a handgun, his failure to comply with numerous commands to drop it, and his decision to begin raising the arm holding the apparent handgun. Under those circumstances, a reasonable officer could perceive the movement as an immediate threat without waiting to determine whether the weapon would ultimately be pointed or fired. *See Est. of Strickland*, 69 F.4th at 620-21.

The location of Plaintiff's wound does not require a different conclusion. The Court accepts that the round entered Plaintiff's back and draws the corresponding inference that Plaintiff's torso was not squarely facing Officer Toon when the round struck him. ECF No. 56 at 4. That evidence is relevant, but it does not negate the parties' stipulation that, before Officer Toon fired, Plaintiff was holding an apparent handgun and began raising the arm in which he held it. The Fourth Amendment inquiry concerns the threat reasonably perceived when the officer decided to use force. *See Graham*, 490 U.S. at 396-97.

Plaintiff cites *Estate of Lopez* for the proposition that a genuine dispute of

ORDER - 10

material fact may preclude summary judgment on qualified immunity. ECF No. 42 at 9. That principle does not require denial of summary judgment here. In *Estate of Lopez*, the evidence, viewed in the plaintiff's favor, showed that an officer approaching from behind issued one command; the individual may not have understood that the command came from an officer; and the barrel of the replica rifle remained pointed at the ground while the individual turned naturally in response. 871 F.3d at 1010-11. By contrast, Officer Toon arrived in a marked patrol vehicle and was wearing a uniform displaying the word "Police"; he issued numerous commands; Plaintiff did not heed those commands; and Plaintiff instead began raising the arm holding the apparent handgun. ECF No. 56 at 3. The parties' stipulated facts therefore permit the Court to resolve whether Officer Toon is entitled to qualified immunity without choosing between competing accounts of whether Plaintiff pointed the handgun.

It is also immaterial that Plaintiff's weapon was later determined to be a pellet gun. The parties agree that it appeared to be a real handgun and lacked an orange tip or other distinguishing marking indicating that it was not a firearm. ECF No. 56 at 5. Officers may act on reasonable but mistaken factual perceptions of an immediate threat. *Saucier v. Katz*, 533 U.S. 194, 205-06 (2001). The mistaken identification of a replica firearm does not make force unreasonable when the object reasonably appears to be real, and the surrounding conduct objectively

ORDER - 11

presents an immediate threat.  *Est. of Strickland*, 69 F.4th at 623.

The final *Graham* factor provides little independent support for the use of deadly force.  Viewing the evidence in Plaintiff's favor, Plaintiff was not fleeing and had not yet been placed under arrest.  His refusal to comply with the commands to drop the apparent handgun is relevant, but primarily because it informed the nature and immediacy of the threat.  The Court therefore does not separately assign substantial weight to the same conduct as active resistance.

The other relevant circumstances do not overcome the immediate threat.  Plaintiff appeared visibly intoxicated and had difficulty maintaining his balance.  ECF No. 56 at 3.  Apparent mental or emotional impairment is a factor that must be considered when determining the reasonableness of force.  *Deorle v. Rutherford*, 272 F.3d 1272, 1283 (9th Cir. 2001).  Even when an individual appears mentally impaired, however, an officer may reasonably attempt to secure an apparent weapon before addressing the individual's other needs.  *See Blanford v. Sacramento Cnty.*, 406 F.3d 1110, 1116 (9th Cir. 2005).  Unlike the officer in *Deorle*, Officer Toon did not immediately use force against an unarmed individual.  He retreated upon seeing the apparent handgun, issued numerous commands, and did not fire until Plaintiff began raising the armed hand.

The repeated commands also afforded Plaintiff an opportunity to avoid the use of force.  The record does not establish that Officer Toon expressly warned

ORDER - 12

Plaintiff that he would fire, and the absence of such an express warning weighs to some degree against Officer Toon. *See Harris v. Roderick*, 126 F.3d 1189, 1201 (9th Cir. 1997) (requiring a warning before deadly force whenever practicable). But Officer Toon repeatedly commanded Plaintiff to show his hands and drop the apparent handgun. ECF No. 56 at 3-4. Once Plaintiff began raising the armed hand rather than complying, the Fourth Amendment did not require Officer Toon to delay his response until the apparent handgun was pointed at him. *George*, 736 F.3d at 838.

Plaintiff also argues that Officer Toon provoked or unnecessarily escalated the encounter. ECF No. 42 at 5-6. Consistent with *Barnes*, the Court has considered Officer Toon's conduct throughout the encounter. Officer Toon responded to a report involving a possible assault and an intoxicated person attempting to drive, arrived in a marked patrol vehicle and uniform, and initially approached Plaintiff without using force. ECF No. 56 at 3. When he saw the apparent handgun, Officer Toon moved away from Plaintiff, returned toward the cover of his patrol vehicle, and issued repeated commands. *Id.* The record contains no evidence that Officer Toon manufactured the need to use force. Plaintiff's provocation argument therefore does not alter the Court's assessment of the totality of the circumstances.

ORDER - 13

*Estate of Hernandez v. City of Los Angeles* addressed an officer's obligation to reassess the need for deadly force during successive volleys of gunfire. 139 F.4th 790, 795 (9th Cir. 2025) (en banc). Although *Hernandez* postdates the shooting here, it relied on *Zion v. Cnty. of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017), which held that an officer must reassess before continuing to shoot a wounded suspect who has fallen and no longer presents an immediate threat. The officer in *Hernandez* fired three distinct volleys, the last after the suspect had fallen and was rolling away. 139 F.4th at 795. Here, the parties agree that Officer Toon fired in one rapid succession. ECF No. 56 at 4. Viewing the sequence in the light most favorable to Plaintiff, the Court assumes that the first round was the round that struck and paralyzed him. Even under that assumption, Plaintiff does not argue, and the record does not show, that Officer Toon continued firing after Plaintiff fell or after his incapacity otherwise became apparent. The record therefore does not present the changed circumstances that triggered the duty to reassess in *Hernandez* and *Zion*.

Viewing the evidence in Plaintiff's favor, Officer Toon confronted Plaintiff while Plaintiff continued to hold what appeared to be a real handgun after numerous commands to drop it and then began raising the arm holding it. Officer Toon had retreated and attempted to obtain compliance before responding with deadly force. Under the totality of the circumstances, Officer Toon's use of force

ORDER - 14

was objectively reasonable and did not violate the Fourth Amendment.

## b. Clearly Established Law

Even if a reasonable jury could find a Fourth Amendment violation, Officer Toon would be entitled to qualified immunity because Plaintiff has not shown that the asserted right was clearly established on August 21, 2021. Plaintiff bears the burden of identifying clearly established law under the second prong of the qualified immunity analysis. *Waid v. Cnty. of Lyon*, 87 F.4th 383, 388 (9th Cir. 2023).

A right is clearly established only when its contours are sufficiently definite that every reasonable officer in the defendant's position would understand that the conduct was unlawful. *Kisela v. Hughes*, 584 U.S. 100, 104-05 (2018) (per curiam). The Court may not define the right at a high level of generality. *White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam). Rather, a plaintiff ordinarily must identify controlling precedent involving an officer acting under materially similar circumstances. *Zorn v. Linton*, 607 U.S. 568, 572 (2026) (per curiam); *Fuhr v. City of Seattle*, 175 F.4th 1081, 1086 (9th Cir. 2026).

Plaintiff characterizes the asserted right as the right not to be shot in the back when the person poses no immediate threat. ECF No. 42 at 10-12. That formulation assumes the answer to the disputed legal question—whether Plaintiff's conduct objectively presented an immediate threat—and defines the right at too

ORDER - 15

general a level.  The more particularized question is whether, as of August 21, 2021, it was beyond debate that an officer could not use deadly force against a person who held an apparent handgun, disregarded numerous commands to drop it, and began raising the armed hand, when the person had not yet pointed the weapon and his torso was turned at the time he was struck.  Plaintiff has not identified authority answering that question in his favor.

Plaintiff principally relies on *Tennessee v. Garner*, 471 U.S. 1 (1985).  ECF No. 42 at 10-12.  *Garner* held that an officer may not use deadly force to prevent the escape of an apparently unarmed and nondangerous fleeing suspect.  471 U.S. at 11.  Plaintiff was not shot merely because he was fleeing, and Officer Toon did not believe Plaintiff was unarmed.  Plaintiff was holding an object that appeared to be a real handgun and began raising that hand after numerous commands to drop the object.  ECF No. 56 at 3.  The fact that both Garner and Plaintiff were struck from behind does not eliminate or minimize those material differences.  *Garner* therefore did not provide Officer Toon fair notice that deadly force was unlawful under the circumstances presented here.

*George* and *Estate of Lopez* did not place the constitutional question beyond debate.  *George* held that a jury could find a constitutional violation where a man using a walker held his gun pointed at the ground and made no threatening movement before officers shot him.  736 F.3d at 839.  *George* also recognized that

ORDER - 16

an officer need not wait for an armed person to point the weapon if the person makes a threatening movement. *Id.* at 838. *Estate of Lopez* involved one command from behind and evidence permitting a finding that the replica rifle remained pointed at the ground as the individual turned. 871 F.3d at 1010. Here, Plaintiff disregarded numerous commands and began raising the arm holding the apparent handgun.

*Deorle* and *Orn* are farther afield. *Deorle* involved an unarmed person who approached at a steady pace, posed no objective threat, and received no warning that force would be used. 272 F.3d at 1284. *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020) involved an officer who fired into the side or rear of a vehicle as it moved away from him. *Id.* at 1178. Neither decision would have notified Officer Toon that his conduct was unlawful. And *Kisela* reiterated that "the general rules set forth in *Garner* and *Graham* do not by themselves create clearly established law outside an obvious case." 584 U.S. at 105 (quoting *White*, 580 U.S. at 80). The Court then found no obvious violation where a woman armed with a knife stood near another person and ignored repeated commands to drop the weapon. *Id.* at 106. The encounter here gave Officer Toon no clearer notice.

No controlling authority existing on August 21, 2021, established beyond debate that Officer Toon was required to withhold deadly force until Plaintiff completed the movement and pointed the apparent handgun. At a minimum, an

ORDER - 17

officer confronting the uncontroverted circumstances here could reasonably, even if mistakenly, believe that the Fourth Amendment permitted him to respond before the apparent handgun was brought into a firing position.  Officer Toon is therefore entitled to qualified immunity from Plaintiff's Fourth Amendment claim.

### 2.  *Fourteenth Amendment*

Plaintiff alleges that Officer Toon's use of force violated his Fourteenth Amendment rights to privacy and procedural and substantive due process.  ECF No. 1-3 at 8-9.  Plaintiff offers no argument or evidence supporting a distinct privacy or procedural due process theory.  *See* ECF No. 42 at 13.  Those theories fail as a matter of law.  His substantive due process theory rests on the same shooting as his excessive force claim, which the Fourth Amendment governs.  *Graham*, 490 U.S. at 395.

Even if a separate substantive due process claim were available, no reasonable jury could find conscience shocking conduct.  *See Porter v. Osborn*, 546 F.3d 1131, 1137, 1139 (9th Cir. 2008).  Officer Toon retreated, repeatedly instructed Plaintiff to drop the apparent handgun, and fired only after Plaintiff began raising the arm holding it.  Those undisputed facts support neither deliberate indifference nor a purpose to harm unrelated to a legitimate law enforcement objective.  Officer Toon is therefore entitled to summary judgment on the Fourteenth Amendment claim.

ORDER - 18

**B. Municipal Liability under *Monell***

Defendant City of Walla Walla moves for summary judgment on Plaintiff's claim for municipal liability.  ECF No. 29 at 3.  The Complaint alleges that the City maintained a policy or practice of failing to hold officers accountable for the use of unnecessary force and failed to train or supervise Officer Toon.  ECF No. 1-3 at 6-7.  In response to the City's motion, Plaintiff also asserts that Chief of Police Chris Buttice ratified Officer Toon's conduct.  ECF No. 41 at 6.

A municipality may not be held liable under § 1983 solely because it employed a person who violated the Constitution.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Plaintiff must establish that: (1) he was deprived of a constitutional right; (2) the City had a policy; (3) the policy amounted to deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional violation.  *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

As discussed above, Plaintiff has not established that Officer Toon deprived him of a constitutional right.  That conclusion independently defeats Plaintiff's claim against the City.  *Id.*  Even assuming a constitutional violation occurred, Plaintiff has not produced evidence from which a reasonable jury could impose municipal liability under any of the theories he advances.

ORDER - 19

### *1. Custom or Policy*

Plaintiff alleges that the City and the Walla Walla Police Department institutionalized an atmosphere in which officers were not held accountable for using unnecessary force.  ECF No. 1-3 at 7.  An unwritten custom must be so persistent and widespread that it constitutes a permanent and well settled practice.  *Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021).  Liability cannot be based on isolated or sporadic incidents.  *Id.*  The challenged conduct must have occurred with sufficient duration, frequency, and consistency to become a traditional method of carrying out municipal policy.  *Id.*

Plaintiff identifies no written City policy authorizing the unreasonable use of force.  His summary judgment response focuses instead on the City's asserted failure to provide appropriate training and Chief Buttice's alleged ratification of Officer Toon's conduct.  ECF No. 41 at 3, 6.  When asked at oral argument to identify the broader custom or practice supporting his claim, Plaintiff relied on Officer Toon's involvement in a 2018 shooting and the absence of special training or supervision following that shooting.  However, the 2018 shooting does not supply the missing evidence of a municipal custom.  The limited record reflects that the suspect was visibly armed, had made threats, and was raising the gun toward officers when Officer Toon and two other officers used deadly force.  ECF No. 43 at 6.  The incident was referred to the Special Investigative Unit and later

ORDER - 20

underwent an internal review. *Id.* at 7. Although Officer Toon did not receive special training because of that incident, the officers continued to receive regular use of force training. *Id.*

Plaintiff has produced no evidence that Officer Toon's conduct during the 2018 shooting was unconstitutional, violated departmental policy, or revealed a deficiency requiring corrective action. At oral argument, Plaintiff acknowledged that he could not identify what occurred during the 2018 shooting beyond the limited information contained in the record. Officer Toon's participation in a prior shooting, without evidence that he acted improperly, does not establish that the City was on notice of a recurring constitutional problem. Chief Buttice also testified that he was unaware of any complaints or concerns about Officer Toon before the August 2021 shooting. ECF No. 43 at 8.

Plaintiff also relies on the absence of remedial training or counseling after the shooting at issue here. ECF No. 56 at 5. The City's response after this shooting could not have caused it, and that response standing alone does not establish a persistent custom that existed beforehand. *See Gordon*, 6 F.4th at 974. Nor can the current incident, combined with a prior shooting that has not been shown to involve unconstitutional conduct, establish a practice of sufficient duration, frequency, and consistency to constitute the existence of a municipal policy.

ORDER - 21

Plaintiff therefore has not created a genuine dispute as to the existence of a policy or custom, the City's deliberate indifference, or a causal connection between any municipal practice and the alleged constitutional violation.  The City accordingly is entitled to summary judgment on this theory.

### 2.  Failure to Train or Supervise

A municipality's failure to train its officers may support liability only when the failure amounts to deliberate indifference to the constitutional rights of persons with whom the officers interact.  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  A pattern of similar constitutional violations ordinarily is necessary to establish that policymakers were on notice of a deficiency in the training program.  *Connick v. Thompson*, 563 U.S. 51, 62 (2011).  In a narrow range of circumstances, a pattern is unnecessary when a constitutional violation is the highly predictable consequence of failing to equip officers with specific tools for recurring situations.  *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006).  A failure to supervise similarly requires actual or constructive notice that a particular omission is likely to result in a constitutional violation.  *Jackson v. Barnes*, 749 F.3d 755, 763 (9th Cir. 2014).

Plaintiff argues that the City failed to train Officer Toon to interact with intoxicated or emotionally distressed persons.  ECF No. 41 at 4.  According to Plaintiff, that deficiency caused Officer Toon to compress the time and space of

ORDER - 22

the encounter and place himself in a position in which he believed deadly force was necessary. *Id.* However, the premise that Officer Toon received no relevant training is inconsistent with the record. Officer Toon completed a 720-hour basic law enforcement academy and received recurring in-service, firearms, defensive tactics, and less-lethal weapons training. ECF No. 54-1 at 2. His records also document two-hour annual crisis intervention courses in 2018 and 2019, *id.*, and another two-hour crisis intervention course in 2020, *id.* at 3.

At oral argument, Plaintiff acknowledged that the records documented the three crisis intervention courses but questioned whether the courses addressed the precise circumstances presented here. Plaintiff could not identify the courses' contents or offer evidence that the training was inadequate. The absence of additional detail in the training records does not permit a jury to infer that the relevant subjects were omitted or that the City's program was deficient.

Further, Plaintiff has presented no evidence, expert or otherwise, from which a jury could determine what instruction was missing, why the documented training was inadequate, or what additional training the City should have provided. The decisions Plaintiff cites involving officers who received no relevant training do not fill that evidentiary gap. *See* ECF No. 41 at 5-6. Here, the City produced evidence of relevant training, and Plaintiff offered no evidence from which its adequacy could be evaluated.

ORDER - 23

Plaintiff also has not established that City policymakers had actual or constructive notice of a deficiency.  The 2018 shooting has not been shown to involve unconstitutional conduct or circumstances similar to those presented here.  The record identifies no prior complaint or concern concerning Officer Toon's use of force.  ECF No. 43 at 8.  There is therefore no pattern of similar violations from which a jury could find that the City knew its existing training was likely to result in constitutional harm.

The narrow exception discussed in *Long* does not fit this record.  The record does not show a complete failure to equip officers for encounters involving persons in crisis.  It instead documents recurring crisis intervention training, and Plaintiff has not identified a particular omission whose unconstitutional consequences were patently obvious.  An inadequate training program cannot be inferred from the incident itself.  *See Hyde v. City of Willcox*, 23 F.4th 863, 875 (9th Cir. 2022).  Plaintiff's assertion that Officer Toon compressed time and space describes an alleged tactical error during this encounter.  Plaintiff does not identify a defect in the City's training program or otherwise show that different training would have prevented the shooting.  Plaintiff therefore has not established that a municipal training decision was the moving force behind the alleged constitutional violation.

Plaintiff's response does not separately develop a failure to supervise theory.  At oral argument, Plaintiff relied on the absence of additional supervision

ORDER - 24

following the 2018 and 2021 shootings.  But Plaintiff has not shown that the 2018 shooting disclosed conduct requiring supervisory intervention, and measures taken after the 2021 shooting could not have prevented that shooting.  The absence of prior complaints or similar constitutional violations also forecloses a finding that the City had notice of a need for greater supervision.

Plaintiff has not created a genuine dispute as to the inadequacy of the City's training or supervision, the City's deliberate indifference, or causation.  The City is accordingly entitled to summary judgment on these theories.

### 3.  *Proposed Ratification Theory*

Plaintiff first asserted a ratification theory in response to the City's motion for summary judgment.  ECF No. 41 at 6.  Plaintiff contends that Chief Buttice ratified Officer Toon's conduct by failing to review the investigative materials and taking no disciplinary or corrective action following the shooting.  *Id.* at 8-9. Although the Complaint alleges a general policy or practice of failing to hold officers accountable, it does not allege that Chief Buttice reviewed and approved this shooting or the basis for Officer Toon's decision.  *See* ECF No. 1-3 at 7.

Ratification by a final policymaker is a distinct theory of municipal liability that requires proof focused on the policymaker's authority, knowledge, and actions concerning a specific decision.  *Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 735 (9th Cir. 2025).  A plaintiff cannot introduce a new theory in opposition

ORDER - 25

to summary judgment when the complaint did not provide fair notice of the facts supporting that theory.  *Id.* at 744.

At oral argument, Plaintiff acknowledged that ratification had not been specifically pleaded and orally requested leave to amend the Complaint.  The deadline to amend the pleadings expired on July 14, 2025.  By the January 13, 2026, hearing, discovery had closed after an extension, and the parties had completed briefing on the City's summary judgment motion.

Because the amendment deadline had passed, Plaintiff was required to establish good cause under Fed. R. Civ. P. 16(b)(4).  That inquiry focuses principally on the moving party's diligence.  *Hartzell*, 130 F.4th at 745.  Plaintiff did not identify any recently discovered information supporting ratification or explain why the theory could not have been pleaded before the amendment deadline.  The evidence on which Plaintiff relies was available during discovery and formed the basis of his summary judgment response.

Allowing amendment at the hearing would also prejudice the City.  Ratification would place Chief Buttice's authority, the information available to him, and the basis for any disciplinary decision at the center of the municipal claim.  The City lacked notice during discovery that Plaintiff intended to pursue liability on that basis.  Amendment could require additional discovery and another round of dispositive motion briefing.  Because Plaintiff had not established good

ORDER - 26

cause for modifying the scheduling order, the Court denied his oral motion to amend.

The proposed theory also fails on the merits. Ratification requires proof that an authorized policymaker knew of the alleged constitutional violation and specifically approved the subordinate's decision and its basis. *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). Ratification requires more than acquiescence, and a mere failure to discipline does not establish ratification of allegedly unconstitutional conduct. *Dodge v. Evergreen Sch. Dist. No. 114*, 56 F.4th 767, 788 (9th Cir. 2022).

Even assuming Chief Buttice possessed final policymaking authority over officer discipline, the evidence does not establish knowing and specific approval. Chief Buttice testified that he was the final step in the Department's disciplinary process after a supervisor and captain investigated and made a recommendation. ECF No. 43 at 8. He also testified that neither he nor anyone else in the Department considered disciplining Officer Toon for this shooting. *Id.* at 9.

Plaintiff relies heavily on Chief Buttice's limited knowledge of the investigation. Chief Buttice testified that he had not read Officer Toon's deposition, had no firsthand knowledge of the investigation, and had conducted a cursory review of some dates, times, and photographs. *Id.* at 10. Based on that limited review, he expressed the opinion that Officer Toon's force was reasonable.

ORDER - 27

*Id.* at 12.

That testimony does not establish the knowledge ratification requires. Plaintiff has not identified what investigative materials were presented to Chief Buttice when any disciplinary decision was made, what factual findings were communicated to him, or whether he knew of the facts that Plaintiff contends made the shooting unconstitutional. Evidence developed later in this litigation cannot substitute for proof of what the relevant decisionmaker knew when reviewing Officer Toon's conduct. An asserted failure to conduct a more extensive review does not establish that Chief Buttice knowingly approved the alleged constitutional violation. His general conclusion that the force was reasonable and the absence of discipline show acquiescence at most.

Plaintiff's reliance on *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991), is misplaced. There, the evidence included an expert assessment identifying serious deficiencies in the investigation and a departmental complaint process that made officer discipline nearly impossible. *Id.* at 647. Plaintiff has presented no comparable evidence concerning the Walla Walla Police Department's investigative or disciplinary practices. The Department's response to this shooting and one earlier shooting that has not been shown to involve misconduct do not establish a systemic practice or a deliberate choice to approve unconstitutional conduct.

ORDER - 28

Because the ratification theory was not pleaded, Plaintiff has not shown good cause for amendment, and the evidence would not permit a reasonable jury to find ratification even if the theory were considered, the City is entitled to summary judgment on this theory.

**C. Negligence Claims**

The City moves for summary judgment on Plaintiff's negligence and gross negligence claims.  ECF No. 29 at 7-9.  Plaintiff also pleads negligent infliction of emotional distress.  ECF No. 1-3 at 10.  Although the City does not separately identify that claim, its motion challenges whether the record permits a reasonable jury to find that Officer Toon breached a duty of care in responding to Plaintiff.  ECF No. 29 at 8-9.  Plaintiff had notice that breach was at issue and responded with the evidence he contends establishes it—the location of his wound.  ECF No. 41 at 12-14.  Because breach is an essential element of negligent infliction of emotional distress, Plaintiff had a full and fair opportunity to present the facts and arguments supporting that claim.  *See Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1199-1200 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Jan. 29, 2016).  The Court therefore resolves the claim on the existing record.

To establish negligence, Plaintiff must prove duty, breach, resulting injury, and proximate cause.  *Folsom v. Burger King*, 958 P.2d 301, 308 (Wash. 1998).

ORDER - 29

Under Washington law, police officers owe individuals with whom they directly interact a duty to exercise reasonable care and refrain from causing foreseeable harm through their affirmative conduct. *Beltran-Serrano v. City of Tacoma*, 442 P.3d 608, 615 (Wash. 2019).

An intentional shooting does not foreclose a separate negligence claim based on the officer's handling of the encounter leading to the use of force. *Mancini v. City of Tacoma*, 479 P.3d 656, 666 (Wash. 2021). The negligence theory, however, must concern the mishandling of the encounter rather than the allegedly excessive use of force itself. *Beltran-Serrano*, 442 P.3d at 612 n.6. In *Beltran-Serrano*, the plaintiff identified specific conduct preceding the shooting, including the officer's failure to account for signs of mental impairment, continued use of English with a person of limited English proficiency, and decision to prevent the person from leaving. *Id.* at 611-12.

The City emphasizes that Plaintiff has not offered expert testimony identifying a breach of accepted police practices. ECF No. 29 at 8. Washington law, however, does not require expert testimony for a jury to evaluate whether police conduct was reasonable. *Mancini*, 479 P.3d at 669 n.13. Plaintiff's failure to present expert testimony therefore does not entitle the City to summary judgment.

ORDER - 30

In response to the City's motion, Plaintiff identifies one asserted breach: Officer Toon shot him in the back. ECF No. 41 at 13. Plaintiff argues that the location of the wound, without additional evidence, permits a jury to find both negligence and gross negligence. *Id.* at 13-14. That argument challenges Officer Toon's intentional application of force rather than identifying negligent conduct in his handling of the encounter before he fired.

Elsewhere, Plaintiff asserts that Officer Toon should have exercised additional caution and used deescalation techniques because Plaintiff appeared intoxicated. ECF No. 42 at 11. Plaintiff also characterizes Officer Toon's decision to fire as a mistake. *Id.* at 13. Plaintiff does not identify an additional deescalation measure that Officer Toon could reasonably have employed after observing the apparent handgun, or evidence that Officer Toon unreasonably failed to use such a measure. Calling the shooting a mistake likewise does not identify the mistaken perception or explain why it was unreasonable under the circumstances confronting Officer Toon.

The uncontroverted facts do not supply the missing evidence. Upon seeing the apparent handgun, Officer Toon retreated to his patrol vehicle and repeatedly instructed Plaintiff to drop it. ECF No. 56 at 3. Plaintiff did not comply. *Id.* Hayes heard numerous commands and observed Plaintiff begin raising the arm holding the apparent handgun. *Id.* Schwarz also saw the handgun and heard

ORDER - 31

repeated commands before Officer Toon fired. *Id.* at 4. The replica handgun appeared real and lacked markings indicating otherwise. *Id.* at 5.

The Court accepts that a round struck Plaintiff in the back and caused his paralysis. *Id.* at 4. Even assuming Plaintiff had turned away before that round struck him, the wound location concerns the circumstances surrounding Officer Toon's intentional use of force. It does not establish that Officer Toon negligently created the confrontation, escalated it, or failed to take reasonable steps to avoid force. The parties also stipulated that Officer Toon fired in one rapid succession, and Plaintiff claims that he moved around the truck, crawled underneath it, and attempted to enter it during the shooting. *Id.* at 4-5. The location of the wound, without evidence connecting it to a distinct negligent act or omission, does not permit a reasonable jury to find a breach of the duty recognized in *Beltran-Serrano*.

Plaintiff's gross negligence claim fails for the same reason. Gross negligence is negligence "substantially and appreciably greater than ordinary negligence." *Harper v. State*, 429 P.3d 1071, 1076-78 (Wash. 2018). The Court must identify the particular failure alleged and consider the actions the defendant took in that same area of conduct. *Id*. To survive summary judgment, Plaintiff must present substantial evidence of serious negligence. *Id*.

The relevant alleged failure is Officer Toon's decision to shoot while

ORDER - 32

Plaintiff's back was turned.  In deciding whether force was necessary, Officer Toon retreated from the apparent handgun, repeatedly directed Plaintiff to disarm, and fired only after Plaintiff failed to comply and Hayes observed the arm holding the handgun begin to rise.  ECF No. 56 at 3.  These actions demonstrate at least slight care in attempting to avoid unnecessary force while responding to an apparent armed threat.  The location of Plaintiff's wound does not show that Officer Toon failed to exercise even slight care.  No reasonable jury could find gross negligence on this record.

Plaintiff's negligent infliction of emotional distress claim fails for the same reason.  Such a claim requires duty, breach, proximate cause, damage, and objective symptomatology.  *Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 205 (Wash. 2014).  Because no reasonable jury could find that Officer Toon breached a duty of care, the claim fails regardless of whether Plaintiff can establish objective symptomatology.

The City is accordingly entitled to summary judgment on Plaintiff's negligence, gross negligence, and negligent infliction of emotional distress claims.

### D. Negligent Hiring, Training, Supervision, and Retention

The City moves for summary judgment on Plaintiff's negligent hiring, training, supervision, and retention claims.  ECF No. 29 at 10.  An injured party generally cannot pursue those direct negligence theories when the employer admits

ORDER - 33

it is vicariously liable for the employee's conduct. *Evans v. Tacoma Sch. Dist. No. 10*, 380 P.3d 553, 564 (Wash. Ct. App. 2016).

The City admits that Officer Toon acted within the course and scope of his employment. ECF No. 5 at 6 ¶ 2.19. These direct negligence theories therefore add no basis for recovery beyond Plaintiff's negligence claim against Officer Toon and corresponding vicarious liability claim against the City.

Even if considered separately, the claims fail on this record. Plaintiff identifies no evidence that the City knew or should have known Officer Toon was unfit, posed a risk to others, or required additional supervision. He argues that the City failed to train Officer Toon in using force against intoxicated persons, ECF No. 41 at 15-16, but Officer Toon's records show basic law enforcement, firearms, defensive tactics, and annual crisis intervention training before the shooting. ECF No. 54-1 at 2-3. Plaintiff identifies no deficient instruction, omitted training, or causal connection between any training deficiency and the shooting. The City is accordingly entitled to summary judgment on these claims.

**E. Outrage**

The City moves for summary judgment on Plaintiff's outrage claim. ECF No. 29 at 10-11. To establish outrage, Plaintiff must show (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress. *Reid v. Pierce Cnty.*, 961 P.2d 333, 337 (Wash.

ORDER - 34

1998).  The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" and be regarded as "atrocious, and utterly intolerable in a civilized community." *Grimsby v. Samson*, 530 P.2d 291, 295 (Wash. 1975).  The Court may resolve the claim on summary judgment when reasonable minds could not differ as to whether the conduct was sufficiently extreme. *Dicomes v. State*, 782 P.2d 1002, 1013 (Wash. 1989).

Plaintiff argues that Officer Toon acted outrageously by shooting him in the back without justification.  ECF No. 41 at 11.  At oral argument, Plaintiff confirmed that this claim rests on the same conduct as his excessive force claim.  As discussed above, the location of Plaintiff's wound does not show that Officer Toon acted without justification, and the record contains no evidence that he continued firing after the perceived threat ended.  No reasonable jury could find that Officer Toon's response to the apparent armed threat exceeded all possible bounds of decency.  The City is accordingly entitled to summary judgment on this claim.

### F. Assault and Battery

The City moves for summary judgment on Plaintiff's assault and battery claims.  ECF No. 29 at 11-12.  Battery is an intentional harmful or offensive contact, while assault is an act that causes apprehension of such contact. *McKinney v. City of Tukwila*, 13 P.3d 631, 641 (Wash. Ct. App. 2000).  An

ORDER - 35

officer's reasonable use of force is lawful and cannot support either claim. *Id.*

Plaintiff argues that shooting him in the back creates a factual dispute as to whether Officer Toon's force was reasonable. ECF No. 41 at 11-12. At oral argument, Plaintiff confirmed that these claims rest on the same conduct as his excessive force claim. As discussed above, however, Officer Toon's use of force was reasonable notwithstanding the location of Plaintiff's wound. The use and threatened use of force were therefore lawful and cannot support assault, battery, or vicarious liability against the City. The City is accordingly entitled to summary judgment on these claims.

## CONCLUSION

For the reasons explained on the record and discussed above, the Court grants both motions.

Accordingly, **IT IS HEREBY ORDERED:**

1. Kevin Toon's Motion for Summary Judgment, **ECF No. 28**, is **GRANTED**.

2. The City's Motion for Summary Judgment, **ECF No. 29**, is **GRANTED**.

3. All claims are dismissed **WITH PREJUDICE**.

4. Defendants' Motion to Exclude Opinions of Susan M. Peters, **ECF No. 26**, is **DENIED as moot**.

5. Plaintiff's Motion to Continue, **ECF No. 68**, and Motion to Expedite,

ORDER - 36

**ECF No. 69**, are **DENIED as moot**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order, **enter judgment for Defendants**, provide copies to counsel, and **CLOSE THE FILE**.

DATED August 13, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 37